**No. 68748.**—C. J. Tower & Sons of Buffalo, Inc. *v.* United States, protests 62/7877, etc. (Buffalo).

FORD, Judge: The protests listed in schedule "A," annexed hereto and made a part hereof, were consolidated for the purpose of trial and are directed against the classification by the collector of customs at Buffalo, N.Y., of certain range controls, designated as types "B," "G–1A," "G4AC," and "GIAP," as switches or switchgear under the provisions of paragraph 353 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, which provides for a rate of duty of 17½ per centum ad valorem.

Plaintiff contends that the imported articles are properly subject to classification as parts of electrical cooking stoves or ranges under said paragraph 353, as modified, *supra.*

The pertinent portions of the provisions of paragraph 353, as modified, *supra,* are as follows:

Articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy, and articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs; all the foregoing (not including electrical wiring apparatus, instruments, and devices), finished or unfinished, wholly or in chief value of metal, and not specially provided for:

*Switches and switchgear* which are not wiring apparatus, instruments, or devices; fans; blowers; and washing machines_____ 17½% ad val.

Machines for packaging pipe tobacco; machines for wrapping cigarette packages; machines for wrapping candy; combination candy cutting and wrapping machines; and *cooking stoves and ranges*_____ 10% ad val.

\*          \*          \*          \*          \*          \*          \*

Parts, finished or unfinished, wholly or in chief value of metal, not specially provided for, of articles provided for in any item 353 of this Part_____ The same rate of duty as the articles of which they are parts.

[Italics ours.]

The record herein consists of the testimony of two witnesses called on behalf of plaintiff and four exhibits. It was stipulated by and between counsel that the articles in question are in chief value of metal. The record establishes that the imported range controls are designed for and used with electric domestic ranges or cooking stoves to maintain a definite temperature in the oven portion of said article. Neither witness had ever seen the imported controls in any article other than domestic electric ranges. The testimony of Mr. Downie, a witness called on behalf of plaintiff, indicates that his company manufactures G–1 thermostat controls, which are utilized in clothes driers and electric heaters. Mr. Downie also indicated that an item known as type X is used in gas ranges only. The imported articles are sold to stove manufacturers who utilize them as original equipment and also to wholesalers who sell them as replacement controls.

The record does indicate that the imported controls do turn the electrical power on and off in order to maintain the preset oven temperature.

The imported articles or their counterparts are very common and are known to all persons who have ever seen a kitchen stove or range. There appears to be no question that the involved articles are parts, for customs purposes, of electric ovens, electric ranges, or cooking stoves. The question presented, however, is whether or not the *eo nomine* provision for switches and switchgear under which

they were classified by the collector is more specific than the provision for parts of cooking stoves and ranges. There is no question that ordinarily an *eo nomine* provision is more specific than a provision for parts of an article. *Decorated Metal Manufacturing Co. (Inc.)* v. *United States et al.*, 12 Ct. Cust. Appls. 140, T.D. 40061.

The provision for switches and switchgear was carved out of the first provision of paragraph 353 of the Tariff Act of 1930, which provided for all articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy. The provision covering cooking stoves and ranges was carved out of the third portion of said paragraph 353 of the Tariff Act of 1930, which provided for articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs. The statute as originally enacted also covers parts wholly or in chief value of metal of any of the foregoing.

In the case of *Charles M. Schayer* v. *United States*, 44 Cust. Ct. 134, C.D. 2167, this court considered whether certain electronic feed controls for ore grinding machines were more specifically provided for as parts of an article having as an essential feature an electrical element or device, rather than under the provisions of paragraph 368(a) or as articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy under paragraph 353 of the Tariff Act of 1930, as modified. During the course of the decision, the court, after reviewing the case of *United States* v. *Herman H. Sticht & Co.*, 22 CCPA 40, T.D. 47048, made the following comment:

> By analogical reasoning, we are of the opinion that confronted as we are here with the relative specificity of the provision for "parts" of an article having as an essential feature an electrical element or device and the provision for "Articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy," both contained in paragraph 353 of the Tariff Act of 1930, as modified, *supra*, the provision for parts of an article having as an essential feature an electrical element or device more specifically describes the instant electronic feed control.

Following the above reasoning, which in the instant case is even more compelling since the involved controls are parts of articles set forth *eo nomine* as exemplars, i.e., ovens and ranges, in paragraph 353, as originally enacted, we are of the opinion that the provision for articles having as an essential feature an electrical element or device and the parts provision applicable thereto, more specifically describe the imported merchandise than does the provision for switches and switchgear. This is so even assuming, *arguendo*, that the involved controls are switches since said provision was merely carved out of the first portion of paragraph 353, as originally enacted by trade agreement.

In view of the foregoing, we are of the opinion that the imported range controls are properly subject to duty at the rate of 10 per centum ad valorem as parts of electrical cooking stoves or ranges under the provisions of paragraph 353, as modified, *supra*.

To the extent indicated the protests are sustained. Judgment will be entered accordingly.